UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00544-FDW
(3:06-cr-00023-FDW-1)

| | |
|---|---|
| JERRY THOMAS COLLINS, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's Motion to Dismiss (Doc. No. 5) Petitioner Jerry Thomas Collins's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1). Petitioner is represented by the Federal Defenders of Western North Carolina, Inc.; he seeks relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

**I.    BACKGROUND**

On November 3, 2006, Collins entered a straight up guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) (Count One); possession with intent to distribute cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Count Two); and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Three). Accept. and Entry of Guilty Plea, Doc. 18.[1] The probation office prepared a presentence report ("PSR"), recommending that Collins be sentenced as a career offender under the United States Sentencing Guidelines and an armed career criminal under the Armed Career Criminal Act ("ACCA") based on his prior convictions

---

[1] Unless otherwise indicated, documents cited within parentheses are from the instant civil case, and documents cited without parentheses are from the underlying criminal proceeding: United States v. Collins, 3:16-cv-00544-FDW-1 (N.C.W.D.).

1

for attempted robbery with a dangerous weapon, robbery with a dangerous weapon, and larceny from a person. PSR ¶¶ 17, 27, 31, 44-46, Doc. No. 38.

With a total offense level of 34 and a criminal history category of VI, Collins's guidelines range was 322 to 387 months in prison. PSR ¶¶ 29, 31-32, 48, 70; U.S.S.G. § 4B1.1(c)(2). Due to application of the ACCA, Count One carried a mandatory minimum sentence of not less than 15 years in prison; Count Two was not less than ten years in prison and no more than life, and Count Three required a mandatory consecutive sentence of not less than five years. PSR ¶ 69. This Court sentenced Collins to 262 months of imprisonment in Counts One and Two, to run concurrently, and to 60 months of imprisonment in Count Three, to run consecutively. J., Doc. No. 22.

On July 12, 2016, Collins filed the present successive motion to vacate, dated June 21, 2016, after he received authorization from the Fourth Circuit to do so.[2] (Doc. No. 1; Doc. No. 1-1.) The Federal Defenders of Western North Carolina entered a notice of appearance and a motion to stay (Doc. Nos. 3-4) pending the Fourth Circuit's decision in United States v. Burns-Johnson, which this Court granted.

The Fourth Circuit has issued its opinion in Burns-Johnson, 864 F.3d 313 (4th Cir.), cert denied, 138 S. Ct. 461 (2017), and the Government has filed a Motion to Dismiss Collins's § 2255 Motion. The Government contends relief is foreclosed by the Fourth Circuit's decision in Burns-Johnson and the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). Collins has neither responded to the Government's Motion to Dismiss, nor sought an extension of time to do so.

---

[2] This is Collins's third § 2255 motion. See 3:09-cv-00202-FDW; 3:10-cv-00476-FDW.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action based upon a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). After examining the record in this matter, the Court finds this action can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Armed Career Criminal Status

Petitioner contends that his sentence in Count One must be vacated because he no longer qualifies as an armed career criminal in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The ACCA, 18 U.S.C. § 924(e), provides for a mandatory minimum term of fifteen years' imprisonment for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When Petitioner was sentenced, a "violent felony" was defined as any crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the "force clause")]; or

(ii) is burglary, arson, or extortion, involves use of explosives [(the "enumerated offense clause")], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "residual clause")].

Id. § 924(e)(2)(B).

In Johnson, the Supreme Court struck down the ACCA's residual clause as

unconstitutionally vague. 135 S. Ct. at 2563. Consequently, a defendant who was sentenced to a mandatory minimum term under the ACCA based on a prior conviction that satisfies only the residual clause is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). According to Collins, he does not have three prior convictions that satisfy either the force or the enumerated offense clause of the ACCA.

The Court need not review all of Collins's prior felony convictions to determine which satisfy only the residual clause of the ACCA because, contrary to Collins's assertions, he has more than three prior North Carolina convictions that satisfy the ACCA's force clause. The PSR shows that in 1988, Collins was convicted of eight counts of robbery with a dangerous weapon. PSR ¶¶ 44-46. In Burns-Johnson, the Fourth Circuit held that robbery with a dangerous weapon ("RWDW, armed robbery, or statutory armed robbery") under North Carolina General Statute § 14-87, "categorically qualifies as a violent felony under the 'force clause' of the ACCA." 864 F.3d at 320.

Although all eight of Collins's convictions were consolidated for sentencing in the state court, see PSR ¶¶ 44-46, under federal sentencing law, some, or all, count as separate offenses because they occurred on different occasions, see United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Offenses are committed on different occasions "when they arise out of a '*separate and distinct criminal episode*.'" United States v. Boykin, 669 F.3d 467, 470 (4th Cir. 2012) (quoting United States v. Carr, 592 F.3d 636, 640 (4th Cir. 2010) (emphasis in original)). "'Occasions' are 'those predicate offenses that can be isolated with a beginning and an end— ones that constitute an occurrence unto themselves.'" Boykin, 669 F.3d at 470 (quoting United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995)). To determine if the offenses are

4

separate, the Court asks,

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

Carr, 592 F.3d at 644 (citation omitted).

The information about Collins's prior convictions is taken from the PSR. "[A] PSR can be used in ACCA determinations when it 'bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [a defendant's] prior convictions,' particularly when he 'never raised the slightest objection either to the propriety of its source material or to its accuracy.'" Boykin, 669 F.3d at 471 (quoting United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2003) (citing Shepard v. United States, 544 U.S. 13 (2005))). Here, the PSR "bears the earmarks of derivation from Shepard-approved sources," see Thompson, 421 F.3d at 285. PSR ¶¶ 44-46 (relying on the indictment or bill of information to describe each RWDW count). Additionally, Collins has not challenged the Motion to Dismiss' reliance on the convictions listed in the PSR or the propriety or accuracy of its source material. See Thompson, 421 F.3d at 285.

According to the PSR, Collins was convicted of committing eight separate armed robberies of eight different people between November 27, 1987, and April 22, 1988. PSR ¶¶ 44-46. He robbed two individuals each on March 24, April 17, and April 22, 1988. Id. He stole purses, wallets, a hand gun, U.S. currency, and other, unidentified, personal property. Id. Given the five-month period over which the robberies occurred, Collins had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense, even if the robberies committed on March 24, April 17, and April 22, 1988,

5

are counted as arising out of a single criminal episode each day. In short, Collins has more than enough predicate convictions to sustain his armed career criminal status under the ACCA, even if the number of his qualifying RWDW convictions is reduced from eight to five. See § 924(e)(1)-(2). He, therefore, fails to state a claim for relief under Johnson.

### B. Career Criminal Status

Collins also contends that, in light of Johnson, he no longer qualifies as a career offender under the United States Sentencing Guidelines ("U.S.S.G."). The holding in Johnson does not extend to the Sentencing Guidelines, however. See Beckles, 137 S. Ct. at 892. In Beckles, the Supreme Court held that the advisory Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause. Id. Thus, Collins again has failed to state a claim for relief under Johnson.

### IV. CONCLUSION

Collins has failed to state a claim upon which habeas relief may be granted under Johnson. See Fed. R. Civ. P. 12(b)(6). He has more than three prior convictions in North Carolina for robbery with a dangerous weapon, a crime the Fourth Circuit has held "categorically qualifies as a violent felony under the 'force clause' of the ACCA." Burns-Johnson, 864 F.3d at 320. Furthermore, the holding in Johnson does not extend to the Sentencing Guidelines, leaving intact Collins's career offender status under the Guidelines. See Beckles, 137 S. Ct. at 892.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 5) is **GRANTED**;

2. Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the

United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge